IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

---

**RIDGEWOOD FALLS CONDOMINIUM UNIT OWNERS ASSOCIATION, INC., individually
and on behalf of others similarly situated,**

        Plaintiff,

v.

**COUNTRY MUTUAL INSURANCE COMPANY,**

        Defendant.

Civil Action No. 21-cv-1205

**JURY DEMANDED**

---

## COMPLAINT

---

COMES NOW the Plaintiff, Ridgewood Falls Condominium Unit Owners Association, Inc. ("Ridgewood or "Plaintiff"), individually and on behalf of all others similarly situated, and states and alleges the following for its Complaint against Country Mutual Insurance Company ("Defendant" or "Country"):

### OVERVIEW OF CLAIMS

1.  This lawsuit concerns actual cash value ("ACV") coverage for buildings and structures. All the claims set forth in this pleading only concern property insurance coverage for structural damage (*e.g.*, homes, buildings and other structures) and *not* personal property (*e.g.*, clothes and furniture).

2.  Pursuant to Defendant's property insurance policy forms at issue, ACV payments are to be made prospectively, that is, prior to the policyholder undertaking repairs to damaged buildings and structures. On the other hand, RCV payments are made retrospectively, after repairs have been completed.

3. Defendant calculates ACV under the "replacement cost less depreciation" ("RCLD") methodology. When calculating ACV for buildings and structures under the RCLD methodology, Defendant estimates the full amount of labor and new materials required to repair or replace the property, then subtracts depreciation for physical deterioration.

4. Courts in several jurisdictions hold that the RCLD methodology is reasonably intended to result in an ACV payment to the policyholder in an amount that allows the policyholder to return the damaged property to its *status quo ante*, thereby precluding the withholding of labor from ACV payments. *See generally Mitchell v. State Farm Fire and Cas. Co.*, 954 F.3d 700, 706-07 (5th Cir. 2020). An exception occurs—not at issue in this lawsuit—when a property insurer expressly states in its policy forms that it can withhold labor from an ACV payment. *E.g.*, *Kurach v. Truck Ins. Exchange*, 235 A.2d 1106 (Pa. 2020).

5. This lawsuit concerns the withholding of certain labor costs that Defendant itself has determined will be incurred if the policyholders undertake repairs. However, this lawsuit does *not* concern labor that is expressly permitted to be withheld under the express terms of Defendant's insurance policies.

6. Property insurers attach different labels to justify the withholding of certain labor from ACV payments, such as "paid when incurred" or "labor depreciation." *E.g.*, *Mills v. Foremost Ins. Co.*, 511 F.3d 1300 (11th Cir. 2008) (property insurer cannot withhold labor from ACV payments because it has not been incurred); *Mitchell*, 954 F.3d at 706-07 (property insurer cannot withhold ordinary labor from ACV payments under the auspice of "depreciation").

7. Regardless of the artificial label affixed by the property insurer to the practice of withholding labor from an ACV payment, the result is the same—namely, a deficient ACV

payment. This lawsuit seeks to remedy the improper withholdings of labor from Plaintiff's and class members' ACV payments.

**PARTIES, RESIDENCY, JURISDICTION AND VENUE**

8. Plaintiff Ridgewood is a condominium association, incorporated under Ohio law, with its principal place of business located in Medina, Ohio. At all times relevant hereto, Plaintiff owned condominium structures located at 3115-19 Benwick Dr., 3127-33 Benwick Dr., 3126-30 Benwick Dr., 3134-38 Benwick Dr., 5541-45 Burnhill, 5540-44 Burnhill, 5527-31 Burnhill, 5532-36 Burnhill, 5524-28 Burnhill, 3142-48 Benwick Dr., 5543-3155 Hideaway Dr. & Benwick Dr., 3118-22 Benwick Dr., 5525-5531 Hideaway Dr., 5508-5512 Hideaway Dr., 5514-5518 Hideaway Dr., 5550-3151 Burnhill & Benwick Dr., 3156-62 Benwick Dr., 5520-26 Hideaway Dr., 3113 Starlight Cir., 3170-3182 Benwick Dr., 3169-5538 Benwick Dr. & Hideaway Dr., 5507-5511 Hideaway Dr., 3105 Starlight Cir., 3109 Starlight Cir., 3117 Starlight Cir., 3188-3200 Benwick Dr., 3189-3203 Benwick Dr., 5513-5515 Hideaway Dr., 3205-3209 Benwick Dr., 3181-3185 Benwick Dr., 5530-5534 Hideaway Dr., 3173-3177 Benwick Dr., all in Medina, Ohio (the "Ridgewood Structures").

9. Defendant Country is organized under the laws of the State of Illinois with its principal place of business located at 1701 N. Towanda Avenue, Bloomington, Illinois. Defendant is authorized to sell property insurance policies in the State of Illinois and is engaged in the insurance business in the State of Illinois, including McLean County.

10. Defendant sells property insurance for buildings and structures in several states, specifically including the states of Arizona, Illinois, Ohio, Tennessee, and Wisconsin.

11. Defendant engaged in the challenged insurance coverage practice described herein in a uniform manner and pursuant to a uniform policy.

12. Defendant's principal place of business is located in the Peoria Division of the Central District of Illinois.

13. On information and belief, this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

14. This Court has personal jurisdiction over Country because it has availed itself of the privilege of conducting business and issuing insurance contracts covering structures in the State of Illinois.

## FACTS

**A. The Ridgewood Property Insurance Policy and Casualty Loss**

15. At all times relevant hereto, Ridgewood was insured pursuant to an insurance contract whereby Country agreed to insure, inter alia, the Ridgewood Structures against property damage, bearing Policy No. WA0200218962-01 (the "Ridgewood Policy").

16. The Ridgewood Policy provided insurance coverage for direct physical loss or damage to to the buildings and other structures located on the insured premises, except as specifically excluded or limited by the Ridgewood Policy.

17. Pursuant to the Ridgewood Policy, Ridgewood paid Country an annual premium in exchange for insurance coverage. The required premiums were paid at all times relevant to this Complaint.

18. On or about March 28, 2020, the Ridgewood Structures suffered accidental direct physical loss and damage due to a storm (the "Ridgewood Loss").

19. The Ridgewood Policy was in effect at the time of the Ridgewood Loss, and the Ridgewood Loss is compensable under the terms of the Ridgewood Policy. As it relates to the Ridgewood Loss, there is no applicable exclusion.

20. Ridgewood notified Country of the Ridgewood Loss and made a claim against the Ridgewood Policy.

21. After its inspection, Country determined that the Ridgewood Loss was covered by the terms of the Ridgewood Policy.

22. Country calculated its ACV payment obligation to Ridgewood pursuant to the RCLD methodology.

23. The Ridgewood Policy does not define ACV so as to permit the labor withholdings complained of herein.

**B. Country's Calculation of Plaintiff's ACV Payments**

24. In adjusting Plaintiff's claim, Defendant affirmatively and unilaterally chose to use the RCLD methodology to calculate the loss and make its ACV payment.

25. Defendant did not calculate any portion of Plaintiff's loss by reference to or analysis of any alleged increase or decrease in the market value of its structures(s), or the market value of any portion of its property. Defendant did not conduct an appraisal of Plaintiff's structure.

26. Defendant has waived, and is estopped from asserting, any right to contend that ACV should be calculated under any methodology other than the RCLD methodology.

27. Plaintiff was underpaid and deprived of the use of its money from the time it should have received it until the date it recovered the wrongfully withheld labor amounts, as more fully described below.

**THE PROPOSED CLASS ACTION DEFINITION**

28. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this lawsuit as a class action on behalf of itself and on behalf of all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

Only to the extent it is a requirement under applicable law, the proposed class herein is ascertainable.

29. The proposed labor withholding class that Plaintiff seeks to represent is defined as follows:

> All Country policyholders who made:
>
> (1) a structural damage claim for property located in the States of Arizona, Illinois, Ohio, Tennessee or Wisconsin; and
>
> (2) for which Defendant accepted coverage and then chose to calculate ACV through the RCLD methodology; and
>
> (3) which resulted in an actual cash value payment during the class period from which labor was withheld from the policyholder.

30. The proposed class definition, when referencing "labor," includes all labor, including but not limited to, laborer's equipment, removal labor, and contractor's overhead and profit.

31. Included in the putative class definition are policyholders who would have received an actual cash value payment but for the withholding of labor.

32. Plaintiff and members of the putative class as defined all have Article III standing as all such persons and entities, at least initially, received lower claim payments than permitted under the policy. Certain amounts initially withheld as labor may be later repaid to policyholders upon further adjustment of the claim. However, policyholders who have been subsequently repaid for initially withheld labor still have incurred damages, at the least, in the form of the lost "time value" of money during the period of withholding, *i.e.*, interest on the amounts improperly withheld, for the time period of withholding.

33. Excluded from the putative class definition are: (1) all claims arising under policy forms expressly permitting the withholding of labor from ACV payments for the claim at issue

within the text of the policy form; (2) any claims in which the initial ACV payment exhausted the applicable limits of insurance; (3) Plaintiff's counsel; (4) Defendant and its affiliates; and (5) the Court to which this case is assigned and its staff.

34. The proposed class period is the maximum limitations period as may be allowed by law.

35. Plaintiff reserves its right to amend, broaden, or narrow the class definition after discovery.

## AMOUNT IN CONTROVERSY

36. Upon information and belief, the amount in controversy with respect to the proposed class exceeds $5,000,000, exclusive of interest and costs.

## CLASS ACTION ALLEGATIONS

37. The members of the proposed class are so numerous that joinder of all members is impracticable. Plaintiff reasonably believe that hundreds or thousands of people geographically dispersed across Arizona, Illinois, Ohio, Tennessee, and Wisconsin have been damaged by Defendant's actions. The names and addresses of the members of the proposed class are readily identifiable through records maintained by Defendant or from information readily available to Defendant.

38. The relatively small amounts of damage suffered by most members of the proposed class make filing separate lawsuits by individual members economically impracticable.

39. Defendant has acted on grounds generally applicable to the proposed class in that Defendant routinely withheld labor costs as described herein in its adjustment of property damage claims under its policies of insurance. It is reasonable to expect that Defendant will continue to withhold labor to reduce the amount it pays to its insureds under these policies absent this lawsuit.

40. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

   a. Whether Defendant's policy language allows it to withhold labor costs in its calculation of ACV payments;

   b. Whether Defendant's policy language is ambiguous concerning the withholding of labor costs in calculating ACV payments, and, if so, how Defendant's insurance policies should be interpreted;

   c. Whether Defendant's withholding of labor costs in its calculation of ACV payments breaches the insurance policies;

   d. Whether Defendant has a custom and practice of withholding labor costs in its calculation of ACV payments;

   e. Whether Plaintiff and members of the proposed class have been damaged as a result of Defendant's withholding of labor costs in its calculation of ACV payments;

   f. Whether Plaintiff and members of the proposed class are entitled to a declaration, as well as potential supplemental relief, under the Declaratory Judgment Act; and

   g. Whether Plaintiff and members of the proposed class are entitled to equitable relief in the form of specific performance, unjust enrichment, declaratory relief or restitutionary damages.

41. Plaintiff's claim is typical of the claims of the proposed class members, as it was adversely affected by Defendant's custom and practice concerning the withholding of labor. Further, Plaintiff's claim is typical of the claims of the proposed class members because its claim arises from the same practices and course of conduct (*i.e.*, withholding of labor costs) that give rise to the claims of the members of the proposed class and are based on the same factual and legal theories. Plaintiff is not different in any material respect from any other member of the proposed class.

42. Plaintiff and its counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the

proposed class it seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class action and insurance litigation. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the members of the proposed class and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class while recognizing the risks associated with litigation.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joining all proposed members of the proposed class in one action is impracticable and prosecuting individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed. Individual litigation exacerbates the delay and increases the expense for all parties, as well as the court system. Individual litigation could result in inconsistent adjudications of common issues of law and fact.

44. In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of Plaintiff and members of the proposed class. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

45. Questions of law or fact common to Plaintiff and members of the proposed class, including those identified above, predominate over questions affecting only individual members

(if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individuals would require. Further, the monetary amounts due to many individual members of the proposed class are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the proposed class to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them, and by deterring further unlawful conduct. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

46. Class certification is further warranted because Defendant has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

47. Plaintiff may seek, in the alternative, certification of an issues class.

48. Rule 23(c)(4) provides that an action may be brought or maintained as a class action with respect to particular issues when doing so would materially advance the litigation as a whole.

## COUNT I
## BREACH OF CONTRACT

49. Plaintiff restates and incorporate by reference all preceding allegations.

50. Defendant entered into policies of insurance with Plaintiff and members of the proposed class. These insurance policies govern the relationship between Defendant, Plaintiff, and members of the proposed class, as well as the manner in which claims for covered losses are handled.

51. The policies of insurance between Defendant and Plaintiff and the other members of the proposed class are binding contracts under applicable law and are supported by valid consideration in the form of premium payments in exchange for insurance coverage.

52. Defendant drafted the insurance policies at issue, which are essentially identical in all respects material to this litigation.

53. To receive ACV claim payments, Plaintiff complied with all material provisions and performed all its respective duties with regard to the insurance policy.

54. At all times relevant hereto, Defendant's custom and practice has been, and is, to make such payments based upon Defendant's calculation of the ACV through the RCLD methodology.

55. Defendant breached its contractual duties to pay Plaintiff and members of the proposed class the labor necessary to return damaged property to its *status quo ante* by withholding labor from their respective ACV payments under the RCLD methodology.

56. Defendant's actions in breaching its contractual obligations to Plaintiff and members of the proposed class benefitted and continue to benefit Defendant. Likewise, Defendant's actions damaged and continue to damage Plaintiff and members of the proposed class.

57. Additionally, Defendant breached its contractual duties to Plaintiff by failing and refusing to promptly pay the amounts individually owed to Plaintiff as required by the terms of the policy of insurance. As a result, Plaintiff has been damaged in the amount of the unpaid portion of its claim, including all such amounts that should have been paid by Defendant as a result of the subject loss.

58. Defendant's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and members of the proposed class.

59. Given the foregoing, Plaintiff and members of the proposed class are entitled to recover damages sufficient to indemnify them for the unlawfully withheld labor from their ACV payments.

60. Plaintiff and members of the proposed class seek any and all relief as may be permitted under applicable law to remedy the ongoing breaches of contract.

## COUNT II
## DECLARATORY JUDGMENT AND RELIEF

61. Plaintiff restates and incorporate by reference all preceding allegations.

62. This Court is empowered by the Declaratory Judgment Act as codified at 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to declare the rights and legal relations of parties regardless of whether further relief is or could be claimed.

63. A party may seek to have insurance contracts, before or after a breach, construed to obtain a declaration of rights, status, and other legal relations thereunder adjudicated.

64. Plaintiff and members of the class have complied with all relevant conditions precedent in their contracts.

65. Plaintiff seeks, personally and on behalf of the proposed class, a declaration that Defendant's property insurance contracts prohibit the withholding of labor costs as described herein when adjusting losses under the RCLD methodology employed here.

66. Plaintiff further seeks, personally and on behalf of the proposed class, any and all equitable relief available under the law that the Court deems necessary and proper to the administration of justice, including, but not limited to, identifying and locating policyholders, and notifying the same of the circumstances complained of and the restoration of their rights and remediation of their losses, and preclusion of Defendant from engaging in the conduct described herein, as may be permitted by law.

67. Plaintiff and members of the proposed class have suffered injuries.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that this Court:

1. Enter an order certifying this action as a class action, appointing Plaintiff as the representative of the proposed class and appointing Plaintiff's attorneys as counsel for the class;

2. Enter a declaratory judgment, declaring that Defendant's withholding of labor costs as alleged herein is contrary to and breaches the insurance policies issued to Plaintiff and members of the class;

3. Enter a preliminary and permanent injunction and equitable relief against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the policies, practices, customs, and usages complained of herein;

4. Enter an order that Defendant specifically perform and carry out policies, practices, and programs that remediate and eradicate the effects of its past and present practices complained of herein;

5. Award compensatory damages for all sums withheld as labor costs under the policies, plus prejudgment interest on all such sums, to Plaintiff and members of the proposed class;

6. Award compensatory damages to Plaintiff for all amounts to which it is entitled pursuant to the subject insurance policies as a result of Plaintiff's loss;

7. Award costs, expenses, and disbursements incurred herein by Plaintiff and members of the proposed class;

8. Pre- and Post-Judgment interest; and

9. Grant such further and additional relief as the Court deems necessary and proper.

Dated:  July 21, 2021

Respectfully submitted,

/s/ Erik D. Peterson
ERIK D. PETERSON (KY Bar 93003)*
**Mehr, Fairbanks & Peterson
 Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone:  859-225-3731
Facsimile:  859-225-3830
edp@austinmehr.com

Douglas J. Winters, #6311459
**The Winters Law Group, LLC**
190 Carondelet Plaza
Suite 1100
St. Louis, MO 63105
Tel: (314) 499-5200
Fax: (314) 499-5201
dwinters@winterslg.com

J. BRANDON McWHERTER*
(TN Bar #21600)
**McWHERTER SCOTT & BOBBITT, PLC**
341 Cool Springs Blvd., Suite 230
Franklin, TN  37067
(615) 354-1144
brandon@msb.law

STEPHEN G. WHETSTONE (OH Bar 0088666)**
**Whetstone Legal, LLC**
P.O. Box 6
2 N. Main Street, Unit 2
Thornville, Ohio 43076
Telephone: 740.974.7730
Facsimile:  614.829.3070
steve@whetstonelegal.com

**\* admitted to practice as an Attorney in the
United States District Court, Central District of Illinois**

**\*\* to be admitted** *pro hac vice*

*Attorneys for Plaintiff and Putative Class Representative*