IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RIDGEWOOD FALLS CONDOMINIUM UNIT OWNERS ASSOCIATION, INC., individually and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | NO. 1:21-cv-1205-JES-JEH |

**DEFENDANT'S BRIEF IN RESPONSE TO ORDER DATED DECEMBER 13, 2021**

Defendant COUNTRY Mutual Insurance Company® ("Country"), through undersigned counsel, respectfully responds to the questions set forth in the Court's December 13, 2021 Order with the following information.

**1.    SUBJECT MATTER JURISDICTION UNDER CAFA**

Plaintiff's allegation that this Court has subject matter jurisdiction over this action is plausible (and, thus, sufficient) and is also supported by the facts currently available.

When a plaintiff files the action originally in federal court, the plaintiff need only make plausible allegations relating to jurisdictional elements such as amount in controversy and diversity. *See, e.g., Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021). Plaintiff alleges on information and belief that this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Dkt. #1 at ¶ 13, p. 4.

CAFA provides, "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant….” 28 U.S.C. § 1332(d)(2)(A).

This jurisdictional grant of authority does not exist when the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.  28 U.S.C. § 1332(d)(5)(A).  As the complaint make clear, there are no governmental entities involved in this suit. *See generally* Dkt. #1 Opening Paragraph and at ¶¶ 8-9, pp. 3-4.

This jurisdictional grant of authority also does not exist when the number of members of all proposed plaintiff classes in the aggregate is less than 100.  28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that the proposed class it seeks to represent is comprised of "hundreds or thousands of people geographically dispersed across Arizona, Illinois, Ohio, Tennessee, and Wisconsin." *See* Dkt. #1 at ¶ 37, p. 7.  Further, based on its investigation undertaken in response to this Court's Order, Country has confirmed that there are approximately 2800 separate policies potentially at issue under which claims have been made during the policies' two-year reachback period.  *See* Exhibit "A", Declaration of Rachel Meckley, at ¶ 3[1] and Exhibit "B", Declaration of Lisa J. Wilson, at ¶ 2.  There are, thus, well in excess of 100 putative class members.

Next, Plaintiff alleges that it is a citizen of the State of Ohio and that Country is a citizen of the State of Illinois. *See* Dkt. #1 at ¶¶ 8-9, p. 2-3.  Country is, in fact, a citizen of the State of Illinois because it is an Illinois company, its principal place of business is in Illinois, and its headquarters is in McLean County.  *See* Exhibit "A", Declaration of Rachel Meckley, at ¶ 2.

---

[1] The figures set forth in the Rachel Meckley Declaration are for the period beginning July 1, 2019 through the filing of the complaint on July 21, 2021.  As such, the period would include some claims payments made on policies during the several weeks prior to the two-year anniversary date prior to the filing of the complaint.

62649528.v1

Finally, at paragraph 36 of the Complaint, Plaintiff alleges that the amount in controversy with respect to the class exceeds $5,000,000 exclusive of interest and costs. *See* Dkt. #1 at ¶ 36, p. 7. Country does not maintain aggregate numbers on the specific labor component of the payments it makes to insureds, or the amount of depreciation applied to claims. Therefore, a precise calculation of the amount of depreciation applied to the labor component of claims across the entire putative class is not possible without a file-by-file review. However, the aggregate payment numbers related to claims under the potentially implicated policies during the relevant time period, of which depreciated labor would be a component, are quite large. In response to this Court's order, Country has confirmed that, during the two-year period prior to the filing of the complaint on July 21, 2021, the approximate aggregate total of the payments made and reserved on property claims under commercial policies issued by Country in Arizona, Illinois, Ohio, Tennessee, and Wisconsin exceeded $77,000,000.00.[2] *See* Exhibit "A", Declaration of Rachel Meckley, at ¶ 4[3] and Exhibit "B", Declaration of Lisa J. Wilson, at ¶ 3.

With regard to CAFA's "exceptions" contained in 28 U.S.C. § 1332(d)(3) and (4):

(1)     These exceptions are not jurisdictional. *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011); *see also Gold v. New York Life Ins. Co.*, 730 F.3d 137, 142 (2nd Cir. 2013); *Watson v. City of Allen, Tx.*, 821 F.3d 634, 639 (5th Cir. 2016); *Graphic Communications Union v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011).

---

[2] In addition to payments on structural claims, this figure likely includes some payments on personal property claims. Without a file-by-file review, it is not possible to exclude any personal property claim payments that may have been made. Also, because of various, necessary carve-outs to the proposed class definition, not every claim paid within this time period would necessarily be held by a putative class member. For example, the proposed class definition excludes "any claims in which the initial ACV payment exhausted the applicable limits of insurance". *See* Dkt. #1 at ¶33, pp. 6-7.

[3] *See* fn. 1, above.

(2)   Each of these exceptions requires a determination of the citizenship of the putative class members.  *See* 28 U.S.C. § 1332(d)(3) and (4).  Without significant third-party discovery—even if a party wished to invoke one of the exceptions—the necessary information regarding the citizenship of putative class members is not currently available.  Indeed, the Seventh Circuit has made clear that conclusions about a class's citizenship may *not* be drawn from the type of information that is actually currently available, for example, putative class members' phone numbers or mailing addresses.  *See In re Sprint Nextel Corp.*, 593 F.3d 669, 675 (7th Cir. 2010).

(3)   The Seventh Circuit has also recognized that these exceptions are "party-driven" and that courts "may wait for issues to be properly presented." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014).  Here, no party has sought to invoke any exception, or presented any exception to the court for consideration.

(4)   Finally, the Seventh Circuit has stated that, if a party should wish to invoke an exception, it is proper for that party to engage in appropriate discovery to explore the facts relevant to such exception as the case progresses.  *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir. 2006).

(5)   However, these exceptions are waivable if not raised in a timely manner.  *See Gold*, 730 F.3d at 142; *Graphic*, 636 F.3d at 975.  Though the Seventh Circuit has not defined a time limit within which a party must raise the home state exception and CAFA itself does not impose a deadline to do so, other circuits, including the Second, Eighth, Ninth, and Tenth, have held that exception is waivable if not raised within a "reasonable time." *See, e.g., Gold, supra* at 142; *Graphic, supra* at 975.

2.  **PERSONAL JURISDICTION OVER THE DEFENDANT**

Country is an Illinois company with its principal place of business in McLean County, Illinois. *See* Exhibit "A", Declaration of Rachel Meckley, at ¶ 2. Country is subject to personal jurisdiction in this Court. *Daimler AG v. Bauman,* 571 U.S. 117, 134 S. Ct. 746 (2014).

3.  **VENUE IN THIS COURT**

Pursuant to 28 U.S.C. § 1391(b)(1), a civil action may be brought in any judicial district in which any defendant resides, if all defendants are residents of the State in which the District Court is located. Again, Country is an Illinois company with its principal place of business in McLean County, Illinois. *See* Exhibit "A", Declaration of Rachel Meckley, at ¶ 2. Venue is proper in this Court.

4.  **POTENTIAL FOR TRANSFER OF VENUE**

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action may be brought in any judicial district where a substantial part of the events giving rise to plaintiff's claim occurred, or a substantial part of the property that is the subject of the action is situated. As such, while venue is proper in this Court, it would also be proper in the Northern District of Ohio because Plaintiff's property is located in Medina County, Ohio and the loss that Plaintiff alleges occurred in Medina County, Ohio.

This Court may transfer any civil action to another District where the action might have been brought or to which all parties consent, for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Plaintiff could have filed this lawsuit in the Northern District of Ohio but chose to file in the Central District of Illinois. The Central District of Illinois is thus a presumptively convenient forum. Also, Country has not requested a transfer of venue and does not believe a transfer is necessary or warranted in this case.

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citations omitted).

The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result. *Id.* (citations omitted).

Country expects that there will be witnesses who reside in both the Central District of Illinois, and in the Northern District of Ohio. Country expects that documentary sources of proof will be located in both Districts. With respect to interests of justice, Plaintiff's individual claim is governed by Ohio law. However, Plaintiff includes class allegations in the Complaint seeking to certify a class that includes policyholders in the States of Arizona, Ohio, Tennessee, Wisconsin, and Illinois (Country's principal place of business), thus invoking the law of each of these jurisdictions. *See* § 5 below.

Country does not believe that either convenience or the interests of justice warrant a transfer of this case from Plaintiff's chosen forum and the State of Country's principal place of business.

62649528.v1

5. **THE LAW APPLICABLE TO THE PARTIES' DISPUTE**

When the insured property is located in a single state, Illinois courts routinely hold that the state where the property is located provides the applicable law. *Soc'y of Mount Carmel v. Nat'l Ben Franklin Ins. Co. of Ill.*, 643 N.E.2d 1280, 1287 (Ill. Ct. App. 1994); (applying California law to insured risk located in California); *Diamond State Ins. Co. v. Chester-Jensen Co., Inc.*, 611 N.E.2d 1083, 1094 (Ill. 1993) (applying Illinois law to insured risk located in Illinois); *see also Zurich Ins. Co. v. Sunclipse, Inc.*, 85 F. Supp. 2d 842, 849–50 (N.D. Ill. 2000).

Here, the claim of each purported class member involves an insured risk located in the single state in which the property is located. Therefore, that state has the most significant relationship with the putative class member's claim, and its law will apply to the putative class member's claim. Under Illinois' "most significant contacts" test,[4] "the location of the insured risk is given special emphasis." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 874 (7th Cir. 2000) ("When we have applied Illinois' 'most significant contacts' test to other insurance policies covering properties or risks located in one state, we have held that the law of the state in which the insured property can be found will usually govern."); *Mount Carmel*, 643 N.E.2d at 1287; *Diamond State*, 611 N.E.2d at 1095.

Because Plaintiffs seek to litigate purported breach of contract claims of policyholders with insured property located in five different states, conflict of law rules require the Court to apply the law of those five states, not just the law of Illinois.

---

[4] Federal courts apply the choice of law rules of the state in which they sit. *Pucci v. Litwin*, 828 F. Supp. 1285, 1299 (N.D. Ill. 1993).

**CONCLUSION**

This Court has subject matter jurisdiction over this action, and personal jurisdiction over Country. Country has not asked the Court to invoke an exception to CAFA (and, before any party could invoke an exception, third-party discovery would be needed to determine whether such an invocation was even proper). Venue is proper in this Court, and transfer to another jurisdiction is not warranted.

                Respectfully Submitted,

Dated: January 3, 2022        COUNTRY MUTUAL INSURANCE COMPANY®

                By: /s/ David G. Lubben
                    One of its attorneys

David G. Lubben
ARDC #6207729
Davis & Campbell L.L.C.
401 Main Street, Suite 1600
Peoria, IL  61602
Telephone:  (309) 673-1681
Facsimile:   (309) 673-1690
dglubben@dcamplaw.com

S. Ault Hootsell III (#17630)
Butler Snow LLP
201 St. Charles Avenue, Suite 2700
New Orleans, LA 70170
Telephone: (504) 299-7752
Facsimile: (504) 299-7701
E-mail: ault.hootsell@butlersnow.com

Counsel for Defendant,
COUNTRY Mutual Insurance Company®

62649528.v1

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing Brief on January 3, 2022, in the CM/ECF system of this Court which will generate an electronic service copy upon Plaintiffs' counsel of record on the same day as filing.

By: /s/ David G. Lubben

David G. Lubben
ARDC #6207729
Davis & Campbell, LLC
401 Main Street, Suite 1600
Peoria, IL 61602
Telephone: (309) 673-1681
Facsimile: (309) 673-1690
dglubben@dcamplaw.com

S. Ault Hootsell III (#17630)
Butler Snow LLP
201 St. Charles Avenue, Suite 2700
New Orleans, LA 70170
Telephone: (504) 299-7752
Facsimile: (504) 299-7701
E-mail: ault.hootsell@butlersnow.com

Counsel for Defendant,
COUNTRY Mutual Insurance Company®

62649528.v1